## BERGMAN a. HOWELL.

*New York Common Pleas; Special Term, October*, 1856.

DEFECTIVE ANSWER.—WHEN A NULLITY.—MARRIED WOMEN.

An answer served in time, and verified (if necessary), cannot be treated as a nullity simply because the defence which it sets up is defective.

Motion to vacate a judgment for irregularity.

This action was brought by John H. Bergman against Anna M. Howell. Defendant served an answer, duly verified and in due season, setting up that defendant was a married woman and therefore not liable upon the cause of action set forth. Plaintiff thereupon entered judgment, which defendant now moved to set aside.

*J. W. & S. Mitchell*, for the motion.

*C. G. Eckel*, opposed.

INGRAHAM, F. J.—It is averred in the answer, and not con-
tradicted, that the defendant is a married woman. She is
prosecuted as a *feme sole*, and the plaintiff has disregarded the
answer and entered up judgment, which the defendant now
moves to set aside.

If the defendant is a married woman she cannot be sued,
on the cause of action for which this action is brought, with-
out her husband, and the judgment against her alone would
be irregular, even if the plaintiff could disregard the answer.

But I do not concur in the opinion that an answer, verified
by the defendant, may be disregarded by the plaintiff, because
the defendant sets up as a defence that she is a *feme covert*. The
Code provides for such a state of things, by allowing the party
the necessary relief on a motion. If the plaintiff may decide
whether an answer is sufficient or not, and enter up judgment
because the answer in some respects may be defective, the
resort to a motion would be unnecessary. Such a practice, if
sanctioned, would lead to great confusion and irregularity, and
should not in my opinion be permitted.

If the defendant is a married woman she should appear by
a next friend and not by an attorney, and in such a case the
answer may need to be amended. But it does not follow,
because such a defence is set up, that it is true. If the plain-
tiff admits it, his whole proceeding is erroneous. If he denies
it, he should take issue with the defendant and proceed to trial.
At any rate he should seek to get rid of the answer by motion,
and has no right to treat it as a nullity.

Motion to set aside judgment granted, with ten dollars costs,
either party to amend pleadings as they may be advised.